M. Alieu Iscandri, Esq. (SBN 184307)
Email: izcan79@gmail.com ;
Eugene Emeka Maduewesi Esq. (SBN 22181)
eugeneemeka@izcanlaw.com;
ISCANDARI AND ASSOCIATES
333 Hegenberger Road, Suite 503
Oakland, CA 94621
Telephone: (510)-606-9062
Fax: (510)-201-4477

Attorney for the Plaintiff,
Dr. SAMEH KEDES
GEORGE KEDES, (Minor)
KAREN KEDES, (Minor)
MERY KEDES, (Minor)
SARA KEDES (Minor)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT**
**OF CALIFORNIA**

| | |
|---|---|
| Dr. SAMEH KEDES<br>GEORGE KEDES, (Minor)<br>KAREN KEDES, (Minor)<br>MERY KEDES, (Minor)<br>SARA KEDES (Minor)<br><br>Plaintiff's,<br><br>vs.<br><br>COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT AND OFFICERS:<br>DOE No. 1<br>DOE No. 2<br>DOE No. 3<br>DOE No. 4<br>DOE No. 5<br>DOE No. 6<br>AND DOES 7-50, (Inclusive)<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **Violation of Fourth and Fourteenth Amendment Rights**<br>2. **42 U.S.C. Section 1983**<br>3. **Violation of U.S.C. Section 1981**<br>4. **Assault**<br>5. **Battery**<br>6. **Monell claim**<br>7. **IIED**<br>8. **NIED**<br>9. **Malicious Prosecution**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff's Dr. SAMEH KEDES, GEORGE KEDES, (Minor) KAREN KEDES; (Minor)

PLAINTIFF'S COMPLAINT FOR DAMAGES

MERY KEDES, (Minor); SARA KEDES (Minor); hereinafter ("Plaintiff's"), by and through his undersigned attorney bring this action against Defendants, COUNTY OF ALAMEDA, COUNTY OF ALAMEDA SHERIFF'S DEPARTMENT AND OFFICERS:

> DOE No. 1
>
> DOE No. 2
>
> DOE No. 3
>
> DOE No. 4
>
> DOE No. 5
>
> DOE No. 6
>
> DOES Nos. 7-50 ("Defendants") for the following civil rights violations:

Plaintiff complains and allege as follows:

## I. THE PARTIES

1. Plaintiff, SAMEH KEDES, is an individual and at all times mentioned herein is a resident of Alameda County, State of California.

2. Defendant, COUNTY OF ALAMEDA, is a municipal corporation, under the laws of the State of California, and which is located within this Court's Northern District. It also represents itself to be a "person," for application of State of California law, in this Court. *See, City of Sacramento v. Wells Fargo & Co*., USDC-Eastern Dist., Case No. 2:18-cv-00416-KJM-AC, 50:10-12 (2018). For purposes of section 1983, all allegations against it are based on execution of its policy or custom from which Plaintiffs have suffered injury, and is considered a "person," under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 688, 694 (1978).

3. Defendant, ALAMEDA COUNTY SHERIFF'S DEPARTMENT is incorporated in the State of California with a place of business located at 2425 East 12th Street, Oakland, CA 94601

4. Defendant's, ALAMEDA COUNTY SHERIFF'S Officers DOES 1 through 50 (inclusive) are all employees of defendant Alameda County Sheriffs department and were acting with the course and scope of their employment as sworn police officers.

5. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues them by such fictitious names. Plaintiffs will amend

PLAINTIFF'S COMPLAINT FOR DAMAGES

this complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to named Defendants shall include the Doe Defendants as well.

6. Plaintiff hereby makes an application to the court to proceed

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiffs' state law claims. The claims constitute the same case and controversy raised in the claims under federal law.

8. The Northern District of California has personal jurisdiction over the Defendants because the Defendant has headquarters in and transacts significant business in the State of California and in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5 (f) because Defendant conducts substantial business in the Northern District of California, and because, upon information and belief, unlawful practices originated in this District.

## III. FACTUAL ALLEGATIONS

10. On or about January 23, 2024, Plaintiff Dr. Kedes was violently attacked by Alameda County sheriffs department officers who had come to his home to investigate an alleged call from his residence regarding allegations of an argument between Plaintiff and his wife.

11. Plaintiff was standing outside of his house when two police officers came running towards him as he was talking to his wife who was also outside of the house in the front.

12. Plaintiff was standing in place and not showing any signs of agitation or violence while talking to his wife.

13. Plaintiff was informed by the police officers who ran towards him that he was under arrest.

14. Plaintiff complied with their instructions and placed his hands behind his back as instructed and he was lead by one of the officers towards the curb.

PLAINTIFF'S COMPLAINT FOR DAMAGES

15.  Plaintiff was calm and as he was being placed in handcuff restraints and without provocation, another officer violently attacked him from the side and threw him down violently onto the sidewalk pavement with great force.

16.  All of this happened in front of Plaintiffs children.

17. While at the scene the officers asked the plaintiffs wife if he had been violent towards her and she responded in the negative.

18. The officers then told his wife that she wasn't helping them and that they were going to arrest him and take him into custody despite knowing at the scene that he had not violated in law in any way.

19.  When plaintiff inquired about what the reason for his arrest he was not provided with one.

20. Plaintiff a diabetic suffered from dry mouth and he asked for water because he was thirsty and he was denied access to drinking water by the officers.

21.  Plaintiff was handcuffed by the police and the handcuff was placed so tight that it caused him to have swollen hands and one of the officers who took him to the hospital took pictures of his swollen hands while he was in the ER receiving treatment for the injuries he suffered.

22. When he was forced to the ground by the police officers he fell on his left shoulder on some broken glass and pieces of loose rocks, that were on the sidewalk.

23. Plaintiff suffered injuries to his shoulder and he was bleeding and taken to the emergency room Sutter Hospital in  Castro Valley.

24.  Plaintiff who is of Egyptian Arab origin was unable to properly communicate in English and he spoke to the officers in Arabic.

25. These events occurred in the presence of Plaintiffs neighbors.

26.  All of this happened at about 4 am in the morning.

27. As a result of witnessing this incident Plaintiffs children suffered and continue to suffer serious PTSD and serious psychological reactions.

28.  After this incident Plaintiffs son George had a psychological breakdown and started hitting his head against the wall several times and throwing himself on the bed while screaming.

29.  No charges were filed against Plaintiff and his criminal case was dismissed by the court.

PLAINTIFF'S COMPLAINT FOR DAMAGES

30. As a result of the actions of the police, plaintiff suffered and continues to suffer from depression and PTSD and has been unable to obtain gainful employment since the incident.

31.  As he was being taken away into custody Plaintiff asked the officers for permission to take his cardiac medicines because he had had a major heart operation and needed to have his medications with him.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

32. Exhaustion is not a prerequisite to an action under 42 U.S.C. section 1983. To the extent Plaintiffs make claims under state law, a timely claim has been submitted to Defendants and has been exhausted. However Plaintiff has exhausted his administrative remedies under California Government code 910 et seq

### V. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### For Violation of Fourth and Fourteenth Amendment Rights
### (As to all defendants)

Plaintiffs reallege and incorporate by reference each paragraph above as if fully set forth herein.

33. Defendants and their employees acted maliciously to deprive Plaintiff of constitutionally protected rights including but  not limited to the :

a.  The right to be free from unreasonable searches and seizures as guaranteed by the fourth amendment to the United States Constitution.

b.  The right to be free from the use of excessive force by police officers, which is guaranteed by the fourth, fifth and fourteenth amendments to the United States Constitution.

c.  The right not to be deprived of life, liberty, or property without due process of law as guaranteed by the fifth and fourteenth amendments to the Unites States Constitution.

d.  The right to equal protection of the laws as guaranteed by the fourteenth amendment to the United States Constitution; and

e.  The right to be free from interferences with the zone of privacy protected by the fourth and ninth amendment to the United States Constitution.

34. Defendant's employees searched plaintiff's house without reasonable suspicion and arrested him without probable cause.

PLAINTIFF'S COMPLAINT FOR DAMAGES

35. As a result of their misconduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

36. Wherefore, Plaintiff prays as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(As to all defendants)**

Plaintiffs reallege and incorporate by reference each paragraph above as if fully set forth herein.

37. As against Defendants, County of Alameda, Alameda County Sheriffs Department and its officers and Does1-50 in their individual and official capacities, Plaintiff further alleges that the acts and/or omissions alleged in the complaint herein are indicative and representative of a repeated course of conduct by members of the Alameda County Sheriff's Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the disregard for the constitutional rights of citizens.

38. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants, County of Alameda, Alameda County Sheriffs Department and its officers and Does1-50 and/or each of them, to repeated acts of Sheriffs department Officers' misconduct which were tacitly authorized, encouraged or condoned by the County of Alameda, Alameda County Sheriffs Department and its officers and Does1-50 and each of them.

39. The injuries to Plaintiff were foreseeable and proximate result of said customs, Policies, patterns and/or practices of Defendants, County of Alameda, Alameda County Sheriffs Department and its officers and Does1-50 and each of them. Plaintiff is further informed and believes and thereon allege that the injuries and damages sustained by Plaintiff, as alleged herein, were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendants sheriffs department.

40. Plaintiff is further informed and believes and thereon allege that the injuries and damages sustained by Plaintiff, were caused by customs, policies, patterns, or practices of the County of Alameda, Alameda County Sheriffs Department and its officers and Does1-50 and each of them, of deliberate indifference in training, supervision and/or discipline of Police Officers and Does 1-50, and/or each of them.

PLAINTIFF'S COMPLAINT FOR DAMAGES

41. The aforementioned customs, policies or practices of defendants County of Alameda, Alameda County Sheriffs Department and its officers and Does1-50 and each of them, resulted in the deprivation of the constitutional rights of Plaintiff, including but not limited to the following:

   a. The right to be free from unlawful search and seizure and excessive force;

   b.  The right to be free from discrimination based on race and/or gender; and

   c. The right to equal protection of the law.

42. Said rights are substantive guarantees under the fourth and fourteenth amendments of the Unites states constitution.

43. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress till now, loss of employment, and loss of earning capacity.

44. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

45. Wherefore Plaintiff prays as hereinafter set forth.

### THIRD CAUSE OF ACTION
### For Violation of U.S.C. § 1981
### (As to all defendants)

46. Plaintiffs reallege and incorporate by reference each paragraph above as if fully set forth herein.

47. Defendants County of Alameda, Alameda County Sheriffs Department and its officers and Does1-50 in committing the acts described above, engaged in the discriminatory misuse of government power; the above-described acts of Defendants, and each of them, further deprived Plaintiff of the right protected pursuant to 42 U.S.C. Section 1981, to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed citizens of the United States, and to be subjected to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other; and

48. The conduct of Defendants, and each of them, was committed with the intent to deprive Plaintiff of the above described rights.

49. As a result of the violation of Plaintiff's constitutional rights as alleged herein, Plaintiff suffered injuries and damages including but not limited to, pain and suffering; emotional distress; mental anguish; loss of enjoyment of life; special damages; including but not limited to future income.

PLAINTIFF'S COMPLAINT FOR DAMAGES

50. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

51. Wherefore Plaintiff prays as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### ASSAULT
### (As to all defendants)

Plaintiffs reallege and incorporate by reference each paragraph above as if fully set forth herein.

52. Defendants intentionally acted to cause harmful or offensive contact with Plaintiff or to place Plaintiff in imminent apprehension of such contact.

53. Plaintiff reasonably believed that harmful or offensive contact was imminent.

54. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including emotional distress and physical harm.

55. **WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth

### FIFTH CAUSE OF ACTION
### BATTERY
### (As to all defendants)

Plaintiffs reallege and incorporate by reference each paragraph above as if fully set forth herein.

56. Defendants intentionally made harmful or offensive contact with Plaintiff's person.

57. Plaintiff did not consent to such contact.

58. The contact was offensive and caused Plaintiff injury, damage, and harm

### SIXTH CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### Monell's Ruling
### (As to all defendants)

Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17.

61. As against  Defendants, County of Alameda, Alameda County Sheriffs Department  and its officers and Does1-50 in their individual and official capacities in their individual and official capacities, Plaintiff further alleges that the acts and/or omissions alleged in the complaint herein are indicative and representative of a repeated course of conduct by

PLAINTIFF'S COMPLAINT FOR DAMAGES

members of the Alameda County Sheriffs Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the use of excessive force and the disregard for constitutional rights of citizens.

62.    Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants County of Alameda, Alameda County Sheriffs Department  and its officers and Does1-50 and/or each of them, to repeated acts of  misconduct which were tacitly authorized, encouraged or condoned by the County of Alameda, Alameda County Sheriffs Department  and its officers and Does1-50, and each of them.

63.    The injuries to Plaintiff were foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants County of Alameda, Alameda County Sheriffs Department  and its officers and Does1-50 and each of them.

64.    Plaintiff is further informed and believes and Theron allege that the injuries and damages sustained by Plaintiff, as alleged herein were the direct and proximate result of municipal customs and/or polices of deliberate indifference in the training, supervision and/or discipline of members of the Alameda County Sheriffs department.

65.  Plaintiff is further informed and believes and upon such information and belief allege that the damages and injuries suffered by Plaintiff were caused by customs, policies, patterns or practices of the County of Alameda, Alameda County Sheriffs Department  and its officers and Does1-50 and each of them, of deliberate indifference in training, supervision and/or discipline of Police Officers and DOES 1-50 and/or each of them.

PLAINTIFF'S COMPLAINT FOR DAMAGES

66. The aforementioned custom, policies or practices of County of Alameda, Alameda County Sheriffs Department and its officers and Does1-50 and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff, including but not limited to, the following:

(a) the right to be free from unlawful search and seizure, and excessive force;

(b) the right to be free from discrimination based on race and/or gender; And or

(c) the right to equal protection of the law.

68. Said rights are substantive guarantees under the Fourth and Fourteenth Amendments of United States Constitution.

## SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to all defendants)

Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

69. Defendants' conduct was extreme, outrageous, and beyond the bounds of decency in a civilized society.

70. Defendants acted with the intent to cause Plaintiff severe emotional distress or with reckless disregard of the likelihood of causing such distress.

71. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress.

## EIGHTH CAUSE OF ACTION
### NEGLIGENT  INFLICTION OF EMOTIONAL DISTRESS

### (As to all defendants)

Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

72. Defendants owed a duty of care to Plaintiff to refrain from engaging in negligent conduct that would foreseeably cause emotional distress.

73. Defendants breached this duty by violently attacking Plaintiff Dr. Sameh Kedes in front of his minor children.

74. Defendants' negligence was a substantial factor in causing minor Plaintiff's serious emotional distress.

## NINTH CAUSE OF ACTION

## MALICIOUS PROSECUTION

### (As to all defendants)

75. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

76.  Defendants initiated or continued legal proceedings against Plaintiff without probable cause.

77. Defendants acted with malice and for improper purposes, including [describe improper purpose, e.g., harassment, retaliation].

78.  The prior proceedings terminated in Plaintiff's favor.

79. As a result of Defendants' malicious prosecution, Plaintiff suffered damages, including legal expenses, emotional distress, and harm to reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Dr. SAMEH KEDES and all  minor Plaintiffs pray for judgment against Defendants, County of Alameda; Alameda County sheriff's Department and all doe defendants DOES 1 through 50 Inclusive as follows:

i.      For compensatory, special, and general damages according to proof against Defendants including both general damages and punitive damages under federal and state law;

ii.     For punitive damages against the individual defendants in an amount to be proven at trial;

iii.    For statutory damages;

iv.     For interest;

v.      For reasonable attorney's fees, including litigation expenses;

vi.     For costs of Suit; and

vii.    For such other relief as the court may deem just proper and appropriate.

Respectfully submitted,

DATED: November 6, 2024,                      ISCANDARI AND ASSOCIATES

By: _____
    Alieu Iscandari, Esq.
    Attorney for Plaintiff,
    Dr. SAMEH KEDES et al

PLAINTIFF'S COMPLAINT FOR DAMAGES

## JURY TRIAL DEMANDED

Plaintiffs  hereby demand a jury trial.

PLAINTIFF'S COMPLAINT FOR DAMAGES