Gregory B. Thomas (SBN 239870)
E-mail:  gthomas@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel:  510.273.8780    Fax:  510.839.9104

Attorneys for Defendants
COUNTY OF ALAMEDA and ALAMEDA
COUNTY SHERIFF'S OFFICE (erroneously
sued herein as "ALAMEDA COUNTY
SHERIFF'S DEPARTMENT")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DR. SAMEH KEDES; GEORGE KEDES (Minor); KAREN KEDES (Minor); MERY KEDES (Minor); SARA KEDES (Minor), <br><br>        Plaintiffs, <br><br>    v. <br><br> COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT AND OFFICERS: Doe No. 1; Doe No. 2; Doe No. 3; Doe No. 4; Doe No. 5; Doe No. 6; AND DOES 7-50, (Inclusive), <br><br>        Defendants. | Case No. 3:25-cv-00733-AGT <br><br> Judge:    Magistrate Judge Alex G. Tse <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> *Filed concurrently with Request for Judicial Notice, Declarations, Notice of Manual Filing and [Proposed] Order* <br><br> Judge:    Hon. Alex G. Tse <br> Date:     March 28, 2025 <br> Time:     10:000 a.m. <br> Crtrm.:   Courtroom A – 15th Floor <br><br> Trial Date:        TBD |

**TO ALL PARTIES AND THEIR ATTORNEYS, PLEASE TAKE NOTICE** that on March 28, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard before Magistrate Judge Alex G. Tse, Courtroom A – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants County of Alameda and Alameda County Sheriff's Office  (erroneously sued herein as "ALAMEDA COUNTY SHERIFF'S DEPARTMENT") (hereinafter collectively "Alameda County Defendants") will move to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure (Rule) 12(b)(6) on the following grounds:

4902-3127-4007 v1

1

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

1.    Plaintiffs' first cause of action "for violation of Fourth and Fourteenth Amendment Rights" fails to state claims upon which relief can be granted.  There is no vicarious liability in 42 U.S.C. section 1983 cases.  Further, there are five plaintiffs in total, and Plaintiffs fail to allege whose constitutional rights were violated and fail to allege any unconstitutional search or arrest as a matter of law.

2.    Plaintiffs' second and sixth causes of action for "42 U.S.C. § 1983," are too vague to impose municipal liability under Monell because Plaintiffs fail to allege a specific unconstitutional County policy, custom or practice.  Further, because there was no underlying constitutional violation, there can be no *Monell* liability as a matter of law;

3.    Plaintiffs' third action of action for "violation of U.S.C. § 1981," fails to state a cause of action upon which relief can be granted.

4.    Defendant Alameda County Sheriff's Office ("ACSO") should be dismissed because it is not a suable "person" under 42 U.S.C. § 1983 and a redundant defendant since it is a subdivision of Defendant County of Alameda ("County").

5.    Plaintiffs' fourth cause of action under state law for "assault" fails to state a cause of action upon which relief can granted pursuant to Government Code sections 815.2 and 820.2, and is otherwise barred by Plaintiffs' failure to comply with the claims presentation requirements of the California Tort Claim Act.

6.    Plaintiffs' fifth cause of action under state law for "battery" fails to state a cause of action upon which relief can granted pursuant to Government Code sections 815.2 and 820.2, and is otherwise barred by Plaintiffs' failure to comply with the claims presentation requirements of the California Tort Claim Act.

7.    Plaintiffs' seventh cause of action under state law for "intentional infliction of emotional distress" fails to state a cause of action upon which relief can granted pursuant to Government Code sections 815.2 and 820.2, and is otherwise barred by Plaintiffs' failure to comply with the claims presentation requirements of the California Tort Claim Act.

8.    Plaintiffs' eighth cause of action under state law for "negligent infliction of emotional distress" fails to state a cause of action upon which relief can granted pursuant to Government Code

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

2

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

sections 815.2 and 820.2, and is otherwise barred by Plaintiffs' failure to comply with the claims presentation requirements of the California Tort Claim Act.

9.    Plaintiffs' ninth cause of action under state law for "malicious prosecution" fails to state a cause of action upon which relief can granted pursuant to Government Code sections 815.2 820.2., and 821.6 and is otherwise barred by Plaintiffs' failure to comply with the claims presentation requirements of the California Tort Claim Act.

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, Declaration of Sgt. Kernan Ng, Declaration of Dwayne Witherspoon, and the documents on file with the court, and such further evidence and argument as the court may permit.

Dated:  February 14, 2025                                    BURKE, WILLIAMS & SORENSEN, LLP


By:        */s/ Gregory B. Thomas*
           Gregory B. Thomas
           Attorneys for Defendants
           COUNTY OF ALAMEDA and ALAMEDA
           COUNTY SHERIFF'S OFFICE

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4902-3127-4007 v1

3

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................................10

    A.   Allegations of Complaint ..........................................................................10

    B.   Body Worn Camera Footage ....................................................................10

    C.   Tort Claims Act .......................................................................................13

II.  LEGAL ARGUMENT ..........................................................................................13

    A.   Plaintiffs' First Cause of Action Should be Dismissed ............................14

    B.   Plaintiffs Second and Sixth Causes of Action for *Monell* Liability should be Dismissed ..............................................................................................15

        1.   There Was No Underlying Constitutional Violation by ACSO Deputies .........................................................................................15

        2.   Plaintiffs Fail to Plead a *Monell* Claim against the County or ACSO .........17

        3.   Plaintiffs Third Causes of Action for *"violation of U.S.C. § 1981"* should be Dismissed ...............................................................19

        4.   ACSO is not a Suable "Person" Under § 1983, but Rather a Subdivision of the County. Therefore, ACSO should be Dismissed as an Improper and Redundant Defendant. ..................................20

        5.   Plaintiffs' State Law Claims should be Dismissed for Failing to Comply with the California Tort Claims Act ...............................21

            (a)   Requirements of the Tort Claims Act .............................................21

            (b)   Courts can take Judicial Notice of Tort Claims ..............................22

    C.   Dr. Kedes's Claim was Deficient, he was given notice; No other Plaintiff filed a Tort Claim ..........................................................................................22

    D.   All Plaintiffs' State Law Claims should be Dismissed for Failure to Comply with the Tort Claims Act. .........................................................................23

    E.   The Unnamed Officers are Entitled to Immunity from State Law Claims as a Matter of Law; neither the County nor ACSO Face any Vicarious Liability as a Matter of Law ....................................................................24

III. CONCLUSION .....................................................................................................25

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) .................................................................................. 13, 14, 15

Bd. of County Comm'rs v. Brown,
    520 U.S. 397 (1997) ........................................................................................... 18

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................................... 13

Bennett v. City of Slidell,
    728 F.2d 762 (5th Cir. 1984) ............................................................................. 18

Blankenhorn v. City of Orange,
    485 F.3d 463 (9th Cir. 2007) ............................................................................. 24

Cerrato v. S.F. Cmty. Coll. Dist.,
    26 F.3d 968 (9th Cir. 1994) ............................................................................... 19

Ciria v. City & Cnty. of San Francisco,
    No. 4:23-CV-02796-KAW, 2024 WL 735128 (N.D. Cal. Feb. 22, 2024) ............. 22

Cook v. Cnty. of Contra Costa,
    No. 15-CV-05099-TEH, 2016 WL 913395 (N.D. Cal. Mar. 10, 2016) ................. 22

Davis v. City of Ellensburg,
    869 F.2d 1230 (9th Cir. 1989) ........................................................................... 19

Devenpeck v. Alford,
    543 U.S. 146 (2004) ........................................................................................... 16

Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.,
    470 F.3d 827 (9th Cir. 2006) (en banc) .............................................................. 20

Epstein v. Wash. Energy Co.,
    83 F.3d 1136 (9th Cir. 1996) ............................................................................. 13

Erickson v. Pardus,
    551 U.S. 89 (2007) (per curiam) ........................................................................ 13

Evans v. McKay,
    869 F.2d 1341 (9th Cir. 1989) ........................................................................... 19

Fargo v. City of San Juan Bautista,
    857 F.2d 638 (9th Cir. 1988) ............................................................................. 17

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4902-3127-4007 v1

5

Foman v. Davis,
    371 U.S. 178 (1962) .......................................................................................................... 14

Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania,
    458 U.S. 375 (1982) .......................................................................................................... 19

Gravelet-Blondin v. Shelton,
    728 F.3d 1086 (9th Cir. 2013) ..................................................................................... 16, 18

Green v. Boggust,
    No. EDCV152578JGBKES, 2016 WL 3267712 (C.D. Cal. Apr. 25, 2016) ......................... 20

Harris v. Lake Cnty. Sheriff's Dep't,
    2015 U.S. Dist. LEXIS 116429 (N.D. Cal. Sept. 1, 2015)....................................................... 20

A.E. ex rel. Hernandez v. Cnty. of Tulare,
    666 F.3d 631 (9th Cir. 2012) ......................................................................................... 18

Hernandez v. McClanahan,
    996 F.Supp. 975 (N.D.Cal.1998) .................................................................................... 23

Jett v. Dallas Indep. Sch. Dist.,
    491 U.S. 701 (1989) .......................................................................................................... 19

Johnson v. Ry. Express Agency, Inc.,
    421 U.S. 454 (1975) .......................................................................................................... 19

Jurado v. Eleven-Fifty Corp.,
    813 F.2d 1406 (9th Cir. 1987)........................................................................................ 20

Lockett v. County of Los Angeles,
    977 F.3d 737 (9th Cir. 2020)..................................................................................... 14, 15

Lopez v. Smith,
    203 F.3d 1122 (9th Cir. 2000)........................................................................................ 14

Mangold v. Cal. Pub. Util. Comm'n,
    67 F.3d 1470 (9th Cir.1995)........................................................................................... 23

McCormick v. Cnty. of San Diego,
    No. 20CV1753 JM (AGS), 2021 WL 913906 (S.D. Cal. Mar. 10, 2021) ........................... 11

Meehan v. Los Angeles County,
    856 F.2d 102 (9th Cir. 1988)........................................................................................... 18

Miller v. City of Scottsdale,
    88 F.4th 800 (9th Cir. 2023)............................................................................................ 16

Monell v. Dep't of Soc. Servs. of City of N.Y.,
    436 U.S. 658 (1978 ......................................................................................................... 18

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4902-3127-4007 v1

6

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

Muhaymin v. City of Phoenix,
No. CV-17-04565-PHX-SMB, 2019 WL 699170 (D. Ariz. Feb. 20, 2019)...........................11

Myers v. UCSF Med. Ctr.,
No. 22-CV-07813-JCS, 2023 WL 6202065 (N.D. Cal. Mar. 2, 2023) ...................................20

Navarro v. Block,
250 F.3d 729 (9th Cir. 2001) ................................................................................................13

Pando v. Santa Clara Valley Health & Hosp. Sys.,
No. 23-CV-06592-JST, 2024 WL 5205076 (N.D. Cal. Dec. 23, 2024)..................................20

Price v. County of San Diego,
990 F.Supp. 1230 (S.D.Cal.1998) .........................................................................................24

Ramachandran v. City of Los Altos,
359 F. Supp. 3d 801 (N.D. Cal. 2019) ..................................................................................22

Shafer v. Cnty. of Santa Barbara,
868 F.3d 1110 (9th Cir. 2017)...............................................................................................17

Shroyer v. New Cingular Wireless Servs., Inc.,
622 F.3d 1035 (9th Cir. 2010)...............................................................................................13

Starr v. Baca,
652 F.3d 1202 (9th Cir. 2011).........................................................................................15, 18

Trevino v. Gates,
99 F.3d 911 (9th Cir. 1996)...................................................................................................18

Vance v. County of Santa Clara,
928 F.Supp. 993 (N.D. Cal. 1996) ........................................................................................20

Vanegas v. City of Pasadena,
46 F.4th 1159 (9th Cir. 2022)................................................................................................15

District of Columbia v. Wesby,
583 U.S. 48 (2018) ................................................................................................................16

Will v. Michigan Dept. of State Police,
491 U.S. 58 (1989) ................................................................................................................20

Williamson v. City of National City,
23 F.4th 1146 (9th Cir. 2022)................................................................................................17

Yoshikawa v. Seguirant,
74 F.4th 1042 (9th Cir. 2023)................................................................................................19

Ziglar v. Abbasi,
582 U.S. 120 (2017) ..............................................................................................................15

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

**State Cases**

Ard v. County of Contra Costa,
    93 Cal.App.4th 339 (2001)........................................................................................... 23

Castaneda v. Dep't of Corr. & Rehab.,
    212 Cal.App.4th 1051 (2013)............................................................................. 21, 22, 23

Connelly v. Cnty. of Fresno,
    146 Cal. App. 4th 29 (2006)...................................................................................... 23

Johnson v. San Diego Unified Sch. Dist.,
    217 Cal.App.3d 692 (1990)...................................................................................... 21

Leon v. Cnty. of Riverside,
    14 Cal.5th 910 ........................................................................................................ 24

Martinez v. County of Los Angeles,
    47 Cal.App.4th 334 (1996)...................................................................................... 24

Munoz v. State of California
    (1995) 33 Cal.App.4th 1767 (1995) ........................................................................ 21

Nguyen v. Los Angeles County Harbor/UCLA Med. Ctr.
    (1992) 8 Cal.App.4th 729........................................................................................ 22, 23

Perez v. Golden Empire Transit Dist.,
    209 Cal. App. 4th 1228 (2012)................................................................................ 21

Phillips v. Desert Hosp. Dist.,
    49 Cal.3d 699 (1989)............................................................................................... 21, 22

Scruggs v. Haynes,
    252 Cal.App.2d 256 (1967)..................................................................................... 24

State of California ex rel. Dep't of Transportation v. Superior Ct.,
    159 Cal. App. 3d 331 (1984).................................................................................... 21

**Federal Statutes**

42 U.S.C. § 1981 .................................................................................................... 19, 20

42 U.S.C. § 1983 ............................................................................................. *passim*

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4902-3127-4007 v1

8

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

**State Statutes**

Cal. Gov. Code
§ 815.2................................................................................................................25
§ 815.2(a) ...........................................................................................................25
§ 820.2................................................................................................................24
§ 821.6................................................................................................................24
§ 900 et seq.........................................................................................................21
§ 910..................................................................................................................21
§ 910(c) ..............................................................................................................23
§ 910(d) ..............................................................................................................23
§ 910 et seq.........................................................................................................13
§ 910.8................................................................................................................22
§ 911..................................................................................................................22
§ 911.2, subd. (a)................................................................................................21

Cal. Penal Code
§ 273.5 ................................................................................................... 12, 15, 17
§ 847(b) ..............................................................................................................24
§ 13701(b) .................................................................................................... 12, 24

Tort Claims Act ................................................................................................*passim*

**Regulations**

ACSO General Order 5.02 ............................................................................. 12, 24

**Other Authorities**

Fed. R. Civ. P. 11(b)(3) ........................................................................................11

Fed. R. Civ. P. 12(b)(6) ........................................................................................13

Fed. R. Civ. P. 15(a)(2) ........................................................................................14

Fed. R. Evid. 201(a),(b) .......................................................................................22

Fed. R. Evid. 201(b) .............................................................................................11

Fourteenth Amendment.........................................................................................14

Fourth Amendment ................................................................................. 14, 15, 16, 17

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4902-3127-4007 v1

9

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

### A. Allegations of Complaint

Plaintiff Dr. Sameh Kedes ("Dr. Kedes") and his four minor children (collectively "Plaintiffs") allege numerous fatally vague causes of action against the County of Alameda ("County"), Alameda County Sheriff's Office ("ACSO"), and Does 1-50 under federal and state law arising out of Dr. Kedes's arrest for domestic violence at his home on January 23, 2024 at approximately 4:20 a.m.  Dkt. No.1, ¶ 10.  Dr. Kedes admits that unnamed ACSO deputies went to his home "to investigate an alleged call from his residence regarding allegations of an argument between Plaintiff and his wife."  Ibid.  Tellingly, Dr. Kedes's current or former wife is not a party to this lawsuit.  Dr. Kedes fails to allege that his 16-year-old daughter called 9-1-1 due to concerns that her father was hurting his mother.  Her 9-1-1 call prompted a response by two ACSO deputies: Mathew Harman and Zachary Krienke.

Dr. Kedes next alleges that he was standing outside of his house when two unnamed police officers "came running towards him as he was talking to his wife who was also outside the front of the house."  Dkt. No.1, ¶ 11.  Dr. Kedes further alleges that he "was standing in place and not showing any signs of agitation or violence while talking to his wife."  Id. at ¶ 12.  Dr. Kedes alleges he was informed he was under arrest and complied with being handcuffed but was "violently" attacked by a police officer without provocation.  Id. at ¶¶ 3-15.  Dr. Kedes claims that "[a]ll of this happened in front of [his] children."  Id. at ¶ 16.  Next, Dr. Kedes alleges that police officers "asked [his] wife if he had been violent towards her and she responded in the negative."  Id. at ¶ 17.  Finally, Dr. Kedes admits that his arrest occurred at about 4:00 in the morning, that he speaks English poorly, and communicated in Arabic.  Id. at ¶¶ 24, 26.

### B. Body Worn Camera Footage

The unedited and unredacted body-worn camera footage[1] from the two arresting officers

---

[1] The County and ACSO request that the Court take Judicial Notice of the complete, unedited and unredacted body-worn camera footage from the two arresting officers as detailed in the accompanying request for judicial notice as adjudicative facts "not subject to reasonable dispute"

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

10

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

depicting their arrival, discussion with Dr. Kedes's wife, and arrest of Dr. Kedes demonstrates that Dr. Kedes's allegations are largely untethered to reality. He was arrested for domestic violence and his wife later recanted her statement to police that her husband hit her, but essentially nothing else alleged in the complaint aligns with judicially noticeable adjudicative facts. The requirement that allegations have evidentiary support under Fed. R. Civ. P. 11(b)(3) is not satisfied in this case. It is important to note that the Alameda County Defendants do not intend to turn this motion to dismiss into a motion for summary judgment. The Alameda County Defendants are not asking the Court to weigh evidence, but instead urge that dismissal with prejudice is appropriate based on judicially noticeable adjudicative facts because Plaintiffs have not met and cannot meet their pleading obligations under *Iqbal/Twombly* or under Federal Rules of Civil Procedure Rule 11(b)(3).

The body-worn camera footage and accompanying audio clearly and reliably establish that two ACSO deputies – Matthew Harman and Zachary Krienke – arrived at the Kedeses' residence at approximately 4:31 a.m.[23] After the officers exited their patrol vehicle, Dr. Kedes's wife can be seen standing on the sidewalk with a toddler in her arms. Deputy Harman asked her "you ok?" She responded, "No, I am not ok." Deputy Harman then asked Dr. Kedes's wife "what's going on?" In response Dr. Kedes's wife can be heard clearly saying "my husband hit me." Deputy Harman asked her "okay, is he still here?" She responded "yes." Deputy Krienke asked "is that him right there [inside the house]?" She responded "yes." Thus, Dr. Kedes was not outside when police arrived, but rather was inside his house while his wife stood on a sidewalk outside the house with a toddler in

pursuant to Fed. R. Evid. 201(b). Request for Judicial Notice ("RJN"), Exhibits E and F. Under appropriate circumstances, such as in this case, the Court can take judicial notice of body-worn camera footage in connection with a motion to dismiss. <u>McCormick v. Cnty. of San Diego</u>, No. 20CV1753 JM (AGS), 2021 WL 913906, at *1–3 (S.D. Cal. Mar. 10, 2021); <u>Muhaymin v. City of Phoenix</u>, No. CV-17-04565-PHX-SMB, 2019 WL 699170, at *3 (D. Ariz. Feb. 20, 2019)

[2] The time stamp on the Axon body-worn camera footage is in Greenwich Mean Time ("GMT"), which was 8 hours ahead of Pacific Standard Time on January 23, 2024. Thus, subtract eight hours from the time stamp to translate to Pacific Standard time, which is consistent with the time alleged in the Complaint. Exhibit E (X60A7915F) is Deputy Mathew Harman's body-worn camera footage showing arrival through arrest. Exhibit F (X60A1619P) is Deputy Zachary Krienke's body-worn camera footage showing arrival through arrest. Each clip is less than six minutes in length.

[3] Transcripts of the audio accompanying each body-worn camera video are provided in the supporting declaration of Sgt. Kernan Ng as Exhibit G.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

her arms.

Dr. Kedes can be seen standing inside the house when Deputy Krienke asked "is that him right there?" Dr. Kedes's wife replied "yes." She told Deputy Harman that her husband's name was "Sam. Sameh." As argued in more detail below, based on the 9-1-1 dispatch and this undisputable interaction alone, the ACSO officers had probable cause to arrest Dr. Kedes pursuant to Penal Code section 273.5 [corporal injury to spouse]. Indeed, California law *requires* law enforcement agencies to have policies *encouraging* officers to arrest domestic violence offenders if there is probable cause. Cal. Penal Code § 13701(b). ACSO General Order 5.02 regarding domestic violence is compliant with Cal. Penal Code section 13701(b). RJN, Exhibit D.

Next, regarding the excessive force claim, the body-worn camera footage establishes that Dr. Kedes did not comply with orders provided by the responding ACSO deputies, who were very calm and treated Dr. Kedes with dignity and respect. Dr. Kedes kept his cell phone in his hand despite commands to drop it and resisted being handcuffed. Dr. Kedes continually obstructed ACSO officers and ignored multiple instructions to put his hands behind his back, repeatedly telling them "one second" and "no problem." Because Dr. Kedes resisted, Deputy Harman justifiably conducted a leg sweep to take Dr. Kedes to the ground to apply cuffs. The entire time Dr. Kedes squealed, yelled, and pleaded with his wife in Arabic (presumably to tell her to deny any violence to the arresting officers as she subsequently recanted her statement captured on body-worn camera that her husband hit her). After Dr. Kedes was secured in handcuffs, ACSO deputies summoned medical attention for him. Dr. Kedes's wife then approached the deputies and said "I am ok now," to which an ACSO officer responded "you just told us a second ago you weren't." She then said "he didn't do anything" several times. Ultimately, Dr. Kedes was taken to Eden Medical Center for medical clearance and then to Santa Rita Jail. Afterwards, Dr. Kedes's wife spoke with Deputy Harman. She had a two-centimeter scratch on her face, which was likely caused by Dr. Kedes when he pushed her during an argument that resulted in their daughter calling 9-1-1. Dr. Kedes's wife did not wish to press charges. Plaintiffs allege the criminal charges against Dr. Kedes were dismissed. Dkt. No. 1, ¶ 29.

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4902-3127-4007 v1

12

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

### C.    Tort Claims Act

Plaintiffs allege "[t]o the extent Plaintiffs make a claim under state law, a timely claim has been submitted to Defendants and has been exhausted." Dkt. No. 1, ¶ 32. Next, switching to the singular, the complaint states "However [sic] Plaintiff has exhausted his administrative remedies under California Government Code 910 et seq." Ibid. Given that there are five Plaintiffs, it is not clear which one is alleging compliance with the Tort Claims Act. Regardless, as detailed below and in the accompanying request for judicial notice, the County and ACSO request that this Court take judicial notice of the tort claim submitted by Plaintiffs' counsel on behalf of Dr. Kedes, the notice of insufficiency served in response, and the notice of rejection. RJN, Exhibits A-C. These judicially noticeable documents confirm that Plaintiffs have not complied with the Tort Claims Act as a matter of law, and their state law claims should be accordingly dismissed.

## II.    LEGAL ARGUMENT

A party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Navarro, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). The alleged facts must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. Iqbal, 556 U.S. at 678; see also Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

13

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (internal citations omitted).

Leave to amend should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court need not grant leave, however, when it "determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Other grounds for denying leave to amend include a "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

### A.    Plaintiffs' First Cause of Action Should be Dismissed

Plaintiffs' first cause of action "for violation of Fourth and Fourteenth Amendment Rights" fails to state claims upon which relief can be granted against the County or ACSO. It is unclear what exactly Plaintiffs are alleging in terms of a Fourth Amendment violation, and the motion to dismiss should be granted on that basis alone. However, even if Plaintiffs were to amend the Complaint to allege wrongful arrest and excessive force, the body-worn camera footage clearly establishes that the arresting officers had probable cause to arrest Dr. Kedes and did not use excessive force as a matter of law.

Next, even though there was no constitutional violation as a matter of law, the individual officers are not named as defendants. Vicarious liability does not apply to 42 U.S.C. Section 1983 suits because "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, (2009); See also Lockett v. County of Los Angeles, 977 F.3d 737, 741 (9th Cir. 2020). Simply put, there is no vicarious liability in 42 U.S.C. section 1983 cases, and neither the County nor ACSO may be held vicariously liable for the actions of ACSO deputies. Further, there are five plaintiffs in total, and Plaintiffs fail to allege whose constitutional rights were violated and fail to allege any unconstitutional search or arrest as a matter of law. Accordingly, Plaintiffs' first cause of action

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

14

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

against the County and ACSO should be dismissed with prejudice.

**B.    Plaintiffs Second and Sixth Causes of Action for *Monell* Liability should be Dismissed**

**1.    There Was No Underlying Constitutional Violation by ACSO Deputies**

Municipal liability claims under § 1983 require a plaintiff to show an underlying constitutional violation.  See Lockett v. County of Los Angeles, 977 F.3d 737, 741 (9th Cir. 2020); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Ziglar v. Abbasi, 582 U.S. 120, 140-41 (2017) (explaining that a Bivens claim is brought against the individual official for his or her own acts, not the acts of others, its purpose being to deter the officer); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing Iqbal and explaining that "when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates").

Here, the body-worn camera footage showing Dr. Kedes's wife's interactions with ACSO deputies – and her statement that her husband hit her – coupled with the allegation of a call from Dr. Kedes's house (which was from his 16-year-old daughter) about an "argument" between Dr. Kedes and his wife (Dkt. No. 1., ¶ 10.) demonstrate that the ACSO deputies (who are not named defendants in this lawsuit) had probable cause to arrest Dr. Kedes pursuant to Penal Code section 273.5[4] [corporal injury to spouse].

"In the context of a § 1983 action, a Fourth Amendment violation occurs when a person is arrested 'without probable cause or other justification.'" Vanegas v. City of Pasadena, 46 F.4th 1159, 1164 (9th Cir. 2022) (quoting Lacey v. Maricopa County, 693 F.3d 896, 918 (9th Cir. 2012) (en banc)).  "Probable cause exists if the arresting officers had knowledge and reasonably

_____

[4] "(a) A person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000), or by both that fine and imprisonment." Penal Code § 273.5.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

15

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (alteration in original) (quoting Maxwell v. County of San Diego, 697 F.3d 941, 951 (9th Cir. 2012)). "To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Because probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules. It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar." District of Columbia v. Wesby, 583 U.S. 48, 57 (2018) (internal quotations and citations omitted); see also Miller v. City of Scottsdale, 88 F.4th 800, 804 (9th Cir. 2023) ("For probable cause, officers may rely on information gained by other officers under the 'collective knowledge' doctrine."). In Devenpeck v. Alford, the Supreme Court reiterated the Fourth Amendment standards applicable in a § 1983 claim for false arrest:

> The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.
>
> Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. As we have repeatedly explained, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." . . . "[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent."

Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004) (citations omitted) (emphasis in original).

The body-worn camera footage establishes that ACSO deputies had probable cause to arrest Dr. Kedes and did not use excessive force as a matter of law. Given that they had probable cause to arrest Dr. Kedes, they were entitled as a matter of law to use reasonable force to effectuate the arrest

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

16

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

considering Dr. Kedes's judicially noticeable resistance.  The ACSO deputies employed a leg sweep to gain compliance to handcuff Dr. Kedes.  As the Ninth Circuit has consistently found, handcuffing "is a difficult exercise, often requiring some use of force[.]" Fargo v. City of San Juan Bautista, 857 F.2d 638, 642 (9th Cir. 1988), abrogated on other grounds by Lewis v. Sacramento Cnty., 98 F.3d 434, 440 (9th Cir. 1996).  See also Williamson v. City of National City, 23 F.4th 1146, 1152 (9th Cir. 2022) (holding that the "intrusion at issue was minimal" despite the plaintiff suffering a torn rotator cuff, a sprained wrist, and mild swelling).  The deputies had a right to cuff Dr. Kedes and his resistance required them to use some force in the form of a leg sweep.  The body-worn camera footage establishes as a matter of law, that the intrusion was minimal, and would have been avoided had Dr. Kedes chosen to comply with the officers' lawful commands.  When suspects such as Dr. Kedes resist, the Ninth Circuit acknowledges that some force is required to be used by officers.  The County and ACSO have not found a single case suggesting that a leg sweep is an unconstitutional amount of force when a felony suspect such as Dr. Kedes resists cuffing.

Moreover, even if Deputies Harman and Krienke were named defendants, Ninth Circuit precedent makes it clear that when, as here, officers progressively increase use of force from verbal commands to an arm grab and then to a leg sweep when an arrestee refuses to comply, there is no violation of clearly established law and such officers would be entitled to qualified immunity. Shafer v. Cnty. of Santa Barbara, 868 F.3d 1110, 1117 (9th Cir. 2017)[5].  As such, there is simply no underlying constitutional violation in this case, and Plaintiffs' Monell claim should be dismissed with prejudice, especially when one considers that California law *encourages* the arrest of domestic violence suspects such as Dr. Kedes.

**2.    Plaintiffs Fail to Plead a *Monell* Claim against the County or ACSO**

While there was no underlying constitutional violation as a matter of law and this Court can dismiss Plaintiffs' Monell claim on that basis, Plaintiffs have also failed to plead a Monell claim.

[5] In Shafer, the Court concluded that Santa Barbara Sheriff's Deputy Padilla was entitled to qualified immunity because there was no clearly established law that held that a leg sweep could amount to Fourth Amendment violation.  The Court also held that because the suspect (A UC Santa Barabara student) was at most suspect of a misdemeanor (throwing water balloons), the jury's verdict of excessive force was supported by sufficient evidence.  Here, Dr. Kedes was suspected of a felony not a misdemeanor: Penal Code section 273.5.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

17

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

Plaintiffs seeking to establish municipal liability must demonstrate that the government entity had a deliberate policy, custom, or practice that was the "moving force" behind the constitutional violation they suffered. Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1096 (9th Cir. 2013); *See* Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978) (Local governments can be sued directly under 42 U.S.C. § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.)  Counties and municipal government officials are considered "persons" for purposes of 42 U.S.C. § 1983. Monell, 436 U.S. at 691.  However, in 42 U.S.C. § 1983 cases, local governments may not be held responsible for the acts of their employees or officials under respondeat superior.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

Municipal liability rests on the actions of the municipality itself. Id.  The Ninth Circuit has made it clear that claims of Monell liability must comply with the basic principles set forth in Twombly and Iqbal, specifically (1) the complaint "may not simply recite the elements of a cause of action, but must contain *sufficient allegations* of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"; and (2) the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added); see also A.E. ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636–37 (9th Cir. 2012).

In their Complaint, Plaintiffs allege redundant formulaic conclusions and deductions of law without identifying any constitutionally deficient policy or procedure that was the motivating force of the alleged constitutional violations.  Dkt. No. 1, ¶¶ 37-45, 61-68.  Plaintiffs' allegations thus fail to substantiate any constitutional violation and fail to identify other incidents to support their claim of a pattern or repeated course of conduct by the County or ACSO.  Monell liability may not be predicated on isolated or sporadic incidents. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).  It must be founded on practices of sufficient duration, frequency, and consistency that the conduct has become "a traditional method" of carrying out policy.  Id.; See Bennett v. City of Slidell, 728 F.2d

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

18

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

762, 768 (5th Cir. 1984); see also, Meehan v. Los Angeles County, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); Davis v. City of Ellensburg, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

Next, Dr. Kedes's arrest (which does not even involve any unconstitutional conduct) does not substantiate Plaintiffs' *Monell* liability claim based on vague allegations of a "repeated practice of condoning and tacitly encouraging the disregard for the constitutional rights of citizens," "repeated acts of [ACSO officers'] misconduct which were tacitly authorized, encouraged or condoned by the County of Alameda," "a repeated course of conduct by members of [ACSO] tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the use of excessive force and the disregard for constitutional rights of citizens." Dkt. No. 1 at ¶¶ 37, 38, 61, 62.

In short, Plaintiffs' claims of municipal liability are frivolous, rely on conclusory allegations, general allegations, and do not demonstrate that a policy, custom or practice were the moving force behind the alleged constitutional violations. Their claims do not meet the pleading standard of Twombly/Iqbal and cannot be amended to do so. Plaintiffs' Monell claims should be dismissed with prejudice.

### 3. Plaintiffs Third Causes of Action for "violation of U.S.C. § 1981" should be Dismissed

Plaintiffs' third action of action for "violation of U.S.C. § 1981," fails to state a cause of action upon which relief can be granted. Presumably, Plaintiffs are referring to 42 U.S.C. § 1981, which prohibits racial discrimination by private actors. See Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459–60 (1975); Cerrato v. S.F. Cmty. Coll. Dist., 26 F.3d 968, 971 n.4 (9th Cir. 1994); Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). Section 1981 does not provide an implied private right of action for damages against state or local government actors. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989) (holding that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units"); Yoshikawa v. Seguirant, 74 F.4th 1042, 1046-47 (9th Cir. 2023) (en banc) (holding that Congress's 1991 amendments to § 1981 did not supersede Jett and reaffirming that § 1981 does not create an implied right of action against state actors).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

19

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

Section 1981 prohibits only intentional discrimination.  See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 470 F.3d 827, 839 (9th Cir. 2006) (en banc); Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1412 (9th Cir. 1987).

Here, given that the relationship between Plaintiffs and the responding ACSO deputies was not contractual in nature, Section 1981 is simply inapplicable here.  See Harris v. Lake Cnty. Sheriff's Dep't, 2015 U.S. Dist. LEXIS 116429, at *7-8 (N.D. Cal. Sept. 1, 2015) (dismissing prisoner's Section 1981 claims because alleged discriminatory conduct during incarceration is not contractual).  Green v. Boggust, No. EDCV152578JGBKES, 2016 WL 3267712, at *5–6 (C.D. Cal. Apr. 25, 2016), report and recommendation adopted, No. EDCV1502578JGBKES, 2016 WL 3212072 (C.D. Cal. June 8, 2016).  Plaintiffs' exclusive remedy for violation of the rights guaranteed in § 1981 is § 1983.  As discussed above, there is no vicarious liability in § 1983 actions.  The County and ACSO's motion to dismiss this cause of action should therefore be sustained without leave to amend.

**4.      ACSO is not a Suable "Person" Under § 1983, but Rather a Subdivision of the County. Therefore, ACSO should be Dismissed as an Improper and Redundant Defendant.**

Plaintiffs have sued the County *and* ACSO.  In redundantly naming ACSO, Plaintiffs have not named a proper defendant.  A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983.  Individual officers are considered "persons" within the meaning of § 1983, as are local governmental units, such as counties or municipalities.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 70, (1989).  However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of § 1983.  Vance v. County of Santa Clara, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996) (dismissing Santa Clara County Department of Corrections from Section 1983 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not"); Therefore, Plaintiffs fail to state a claim as to ACSO for this additional reason.  Myers v. UCSF Med. Ctr., No. 22-CV-07813-JCS, 2023 WL 6202065, at *7 (N.D. Cal. Mar. 2, 2023), report and recommendation adopted, No. 22-CV-07813-RS, 2023 WL 6202063 (N.D.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4902-3127-4007 v1

20

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

Cal. June 22, 2023). <u>See also</u> <u>Pando v. Santa Clara Valley Health & Hosp. Sys.</u>, No. 23-CV-06592-JST, 2024 WL 5205076, at *3 (N.D. Cal. Dec. 23, 2024)

### 5. Plaintiffs' State Law Claims should be Dismissed for Failing to Comply with the California Tort Claims Act

#### (a) Requirements of the Tort Claims Act

Under the Tort Claims Act (Cal. Government Code § 900 et seq.), "a person may not sue a public entity for personal injury unless he or she presents a timely written claim for damages to the public entity." <u>Perez v. Golden Empire Transit Dist.</u>, 209 Cal. App. 4th 1228, 1233–34 (2012), citing Cal. Gov. Code §§ 911.2, subd. (a) and 945.4.  Such claims must be presented to the public entity "not later than six months after the accrual of the cause of action."  Cal. Gov. Code § 911.2, subd. (a).)

The Tort Claims Act is "is designed to provide a governmental entity with sufficient information to enable it to investigate and timely evaluate the merits of uninsured claims and, where possible, avoid the expense of litigating meritorious claims." <u>Johnson v. San Diego Unified Sch. Dist.</u>, 217 Cal.App.3d 692, 696 (1990).  Compliance is mandatory.  <u>Castaneda v. Dep't of Corr. & Rehab.</u>, 212 Cal.App.4th 1051, 1061 (2013).  Fulfilling the requirements of the Tort Claims Act is a condition precedent to filing suit; it is not an affirmative defense.  (<u>Munoz v. State of California</u> (1995) 33 Cal.App.4th 1767, 1776 (1995).  "Thus, an injured party may not maintain an action against a public entity unless it has presented a claim to the entity…" <u>Castaneda , supra,</u> 212 Cal. App.4th at 1061.

To be sufficient, a claim must state the date, place and other circumstances that give rise to the incident.  Cal. Gov. Code, § 910; <u>Castaneda, supra,</u> 212 Cal. App.4th at 1062.  It must fairly describe what the entity is alleged to have done.  <u>Castaneda, supra,</u> 212 Cal. App.4th at 1062.  While a claim is not insufficient for technical defects, the "test" is whether sufficient information is disclosed "to enable a public entity to investigate and evaluate the claim to determine whether settlement is appropriate." <u>Phillips v. Desert Hosp. Dist</u>., 49 Cal.3d 699, 706 (1989).  There is no "substantial compliance" where, as here, the cause of action pleaded in the complaint does not fairly reflect the facts alleged in the written claim.  <u>State of California ex rel. Dep't of Transportation v.</u>

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

21

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

Superior Ct., 159 Cal. App. 3d 331, 337 (1984). In the face of a defective claim, a public entity has the option of giving notice of defect or waiving any defense based on the defective claim. Cal. Gov. Code §§ 910.8, 911; Phillips, supra, 49 Cal.3d at 705-6.

Next, each Plaintiff must file his or her own claim, even if derivative. Castaneda, supra, 212 Cal. App.4th at 1062-63; Nguyen v. Los Angeles County Harbor/UCLA Med. Ctr. (1992) 8 Cal.App.4th 729, 733-34 (family members cannot rely on another family member's tort claim for a separate and distinct injury.) The substantial compliance doctrine does not apply to derivative claims. In other words, where an injured person filed no claim but seeks to rely on another persons' claim, substantial compliance does not apply. Nguyen, supra, 8 Cal.App.4th 729, 733-34; Castaneda, supra, 212 Cal. App.4th at 1063.

### (b)    Courts can take Judicial Notice of Tort Claims

Northern District Courts routinely take judicial notice of Tort Claims in connection with motions to dismiss where, as here, a party alleges compliance but does not attach the claim, notice of insufficiency, or rejection. Ramachandran v. City of Los Altos, 359 F. Supp. 3d 801, 811–12 (N.D. Cal. 2019); Ciria v. City & Cnty. of San Francisco, No. 4:23-CV-02796-KAW, 2024 WL 735128, at *4 (N.D. Cal. Feb. 22, 2024). Courts may take judicial notice of Tort Claims documentation as adjudicative facts not subject to reasonable dispute pursuant to Fed. R. Evid. 201(a),(b). Cook v. Cnty. of Contra Costa, No. 15-CV-05099-TEH, 2016 WL 913395, at *3 (N.D. Cal. Mar. 10, 2016)

### C.    Dr. Kedes's Claim was Deficient, he was given notice; No other Plaintiff filed a Tort Claim

Plaintiffs' counsel submitted a "Claim for Damages by Sameh Kedes" to the Clerk of the Alameda County Board of Supervisors on May 1, 2024. RJN, Exhibit A. The claim identified Dr. Kedes *only*, his address, confirmed representation by Plaintiffs' counsel, states that Dr. Kedes was arrested and taken to jail, identified ACSO deputies Matthew Harman and Zachary Krienke, and states that "Mr. Kedes suffered and continues to suffer extreme pain, discomfort and emotional distress." No details about the incident are provided at all. No causes of action are provided. The claim does not even state that Dr. Kedes is seeking redress for any alleged constitutional violation.

In response, the County of Alameda's third-party administrator sent a notice of insufficiency

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

22

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

on May 23, 2024 pursuant to Cal. Gov. Code section 910.8.  RJN, Exhibit B**.**  The notice of insufficiency advised that Dr. Kedes's tort claim failed to substantially comply with the requirements of the Government Code because it: (1) failed to state the circumstances of the occurrence or transaction which gave rise to the claim asserts (Cal. Gov. Code § 910(c)); (2) failed to state the general description of indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim. (Cal. Gov. Code § 910(d)); and (3) failed to link those facts to the County of Alameda in such a way that it would give rise to a cause of action.

Having received no amended claim in response to the notice of insufficiency, on June 11, 2024, the County of Alameda's third-party administrator sent follow-up correspondence stating the County's position that no sufficient claim had been filed and rejected Dr. Kedes's claim on that basis.  RJN, Exhibit C.

**D.      All Plaintiffs' State Law Claims should be Dismissed for Failure to Comply with the Tort Claims Act.**

Presentation of a timely tort claim is a jurisdictional prerequisite to maintaining a cause of action against a public entity.  Ard v. County of Contra Costa, 93 Cal.App.4th 339, 343 (2001); see also Hernandez v. McClanahan, 996 F.Supp. 975, 977 (N.D.Cal.1998).  A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the Tort Claims Act before commencing a civil action.  See Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995).

Here none of the minor plaintiffs submitted any type of tort claim.  They cannot rely on Dr. Kedes's tort claim.  Nguyen, supra, 8 Cal.App.4th 729, 733-34; Castaneda, supra, 212 Cal. App.4th at 1063.  Their state law claims should be dismissed accordingly.  Next, Dr. Kedes submitted a deficient tort claim, was given notice and opportunity to cure the defect per statute, but declined to do so.  Dr. Kedes may not avail himself of the doctrine of substantial compliance, because his tort claim failed to provide any meaningful detail to permit the County to investigate his claims,  failed to identify any theories of any constitutional or other legal violations, and completely failed to identify how Dr. Kedes claims he was injured.  As such, Dr. Kedes failed to comply with the Tort Claims Act and his state law claims should be dismissed with prejudice.  See Connelly v. Cnty. of

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

23

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

Fresno, 146 Cal. App. 4th 29, 43 (2006).

**E.    The Unnamed Officers are Entitled to Immunity from State Law Claims as a Matter of Law; neither the County nor ACSO Face any Vicarious Liability as a Matter of Law**

While not properly alleged, presumably Plaintiffs seek to hold the County of Alameda and/or ACSO vicariously liable for torts allegedly committed by Deputies Harman and Krienke. Here, there is no underlying constitutional violation as a matter of law, as Deputies Harman and Krienke properly arrested Dr. Kedes for domestic violence and used appropriate force in light of his judicially noticeable resistance. Indeed, ACSO Deputies Harman and Krienke complied with Cal. Penal Code § 13701(b), which encourages arrest, and ACSO General Order 5.02 regarding domestic violence. RJN, Exhibit D.

ACSO Deputies Harman and Krienke are entitled to statutory immunity under California Penal Code section 847(b) to the extent Plaintiffs assert a state law false arrest claim. Blankenhorn v. City of Orange, 485 F.3d 463, 486–87 (9th Cir. 2007). Next, Defendants cannot be held liable for Plaintiffs' remaining state law claims of assault, battery, and negligent/intentional infliction of emotional distress because Deputies Harman and Krienke are entitled to immunity under Cal. Gov. Code section 820.2. This provision of the Tort Claims Act applies to police officers' discretionary decisions made during arrests. See Price v. County of San Diego, 990 F.Supp. 1230, 1244 (S.D.Cal.1998); Martinez v. County of Los Angeles, 47 Cal.App.4th 334, 54 Cal.Rptr.2d 772, 780 (1996). This provision does not apply to officers who use unreasonable force in making an arrest. See Scruggs v. Haynes, 252 Cal.App.2d 256, 264 (1967) ("[A] peace officer making an arrest is liable to the person arrested for using unreasonable force."). However, where there is no excessive force as a matter of law, as here, officers are entitled to immunity as to related state law claims under Cal. Gov. Code section 820.2. See Blankenhorn, supra, 485 F.3d at 486-487.

Next, Cal. Gov. Code section 821.6 immunizes the unnamed police officers from Plaintiffs' malicious prosecution claim. See Leon v. Cnty. of Riverside, 14 Cal.5th 910, 921(2023). As the California Supreme Court held, the immunity conferred against malicious prosecution under section 821.6 "is broad in the sense that it applies to such tort claim, whether formally labeled as a claim for malicious prosecution or not." Leon, supra, 14 Cal.5th at 922.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

24

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION TO DISMISS PLTFS' COMPLAINT

Finally, the County and ACSO are entitled to immunity from Plaintiffs' state law claims under Cal. Gov. Code section 815.2.  That section provides: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  Cal. Gov. Code § 815.2(a).  Here, ACSO Deputies Harman and Krienke are entitled to statutory immunity, so the County and ACSO are also entitled to immunity.

## III.    **CONCLUSION**

Plaintiffs' Complaint is defect as a matter of law.  Minimally, it fails to meet the pleading standards of Iqbal/Twombley.  However, the Court can take judicial notice of the relevant body-worn camera footage and tort claims correspondence and find as a matter of law there was no constitutional violation, that ACSO Deputies Harman and Krienke had probable cause to arrest Dr. Kedes, did not use excessive force, that Plaintiffs' state law claims are barred for failure to comply with the Tort Claims Act, and that ACSO Deputies Harman and Krienke, the County and ACSO are otherwise entitled to statutory immunity.  Defendants urge this court to dismiss Plaintiffs' Complaint with prejudice.

Dated:  February 14, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

By:    _____*/s/ Gregory B. Thomas*_____
Gregory B. Thomas
Attorneys for Defendants
COUNTY OF ALAMEDA and ALAMEDA
COUNTY SHERIFF'S OFFICE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

25

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT