M. Alieu Iscandri, Esq. (SBN 184307)
Email: izcan79@gmail.com ；
Eugene Emeka Maduewesi Esq. (SBN 221181)
eugeneemeka@izcanlaw.com;
ISCANDARI AND ASSOCIATES
333 Hegenberger Road, Suite 503
Oakland, CA 94621
Telephone: (510)-606-9062
Fax: (510)-201-4477


Attorneys for the Plaintiff,
Dr. SAMEH KEDES
GEORGE KEDES, (Minor)
KAREN KEDES, (Minor)
MERY KEDES, (Minor)
SARA KEDES (Minor)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT**
**OF CALIFORNIA**

| | |
|---|---|
| Dr. SAMEH KEDES<br>GEORGE KEDES, (Minor)<br>KAREN KEDES, (Minor)<br>MERY KEDES, (Minor)<br>SARA KEDES (Minor)<br><br>Plaintiff's,<br><br>vs.<br><br>COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT AND OFFICERS:<br>DOE No. 1<br>DOE No. 2<br>DOE No. 3<br>DOE No. 4<br>DOE No. 5<br>DOE No. 6<br>AND DOES 7-50, (Inclusive)<br><br>Defendants. | Case No.:  3:25-cv-00733-AGT<br><br>Judge: Magistrate Judge Alex G. Tse<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>Judge: Hon. Alex G. Tse<br>Date: March 28, 2025<br>Time: 10:000 a.m.<br>Crtrm.: Courtroom A – 15th Floor<br><br>Trial Date: TBD |

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION …………………………………………………………………..5

LEGAL STANDARD …………………………………………………………………5

I. PLAINTIFFS STATE A VALID CLAIM UNDER THE FOURTH AND FOURTEENTH

AMENDMENTS ……………………………………………………………………6

A. Plaintiffs Plausibly Allege That Defendants Conducted an Unconstitutional Arrest………6

B. Plaintiffs Plausibly Allege an Excessive Force Claim ……………………………...7

C. Plaintiffs Plausibly Allege a Fourteenth Amendment Violation …………………………8

D. Plaintiffs Allege a Plausible Monell Claim Against Alameda County …………………..9

II. PLAINTIFFS' STATE LAW CLAIMS ARE NOT BARRED BY THE CALIFORNIA TORT

CLAIMS ACT (CTCA) ………………………………………………………………11

A. Plaintiffs Complied with the CTCA's Notice Requirements…………………………...11

B. Substantial Compliance Satisfies the CTCA…………………………………………11

C. Governmental Immunity Does Not Apply to Constitutional Violations………………..11

CONCLUSION …………………………………………………………………12

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**TABLE OF AUTHORITIES**

**Rules and Statutes**                                                                                                      **Page(s)**

Federal Rule of Civil Procedure 12(b)(6) ……………………………………………………6

42 U.S.C. § 1983 …………………………………………………………………………… 7

Cal. Gov. Code §§ 815.2, 820.2, and 821.6 ………………………………………………10

 **Federal Cases**

Ashcroft v. Iqbal,

 556 U.S. 662 (2009) ….......................................................................................................6

Bell Atlantic Corp. v. Twombly,

 550 U.S. 544 (2007) ..........................................................................................................6

Blankenhorn v. City of Orange,

 485 F.3d 463, 487 (9th Cir. 2007) ...................................................................................13

Brady v. Maryland,

 373 U.S. 83 (1963) …………....................................…………………….........................9

City of Canton v. Harris,

 489 U.S. 378, 388 (1989) ………....................................………………………...............9, 11

Connick v. Thompson,

 563 U.S. 51, 61 (2011) …………….....................................…………………....................11

Cooper v. Brown,

 844 F.3d 517, 522 (5th Cir. 2016) .....................................................................................7

Erickson v. Pardus,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

551 U.S. 89, 94 (2007) ........................................................................................................6

Graham v. Connor,

490 U.S. 386, 396 (1989) ……………………...................................................................8

Lee v. City of Los Angeles,

250 F.3d 668, 685 (9th Cir. 2001) ……………….....................................……………...10

Lockett v. County of Los Angeles,

977 F.3d 737 (9th Cir. 2020) …………….......................................................................11

McKenzie v. Lamb,

738 F.2d 1005, 1008 (9th Cir. 1984) ...............................................................................7

Monell v. Dep't of Soc. Servs.,

436 U.S. 658 (1978) ………………………....................................................................10

Rochin v. California,

342 U.S. 165, 172 (1952) ....……………....................................................………10

Shroyer v. New Cingular Wireless Servs., Inc.,

622 F.3d 1035, 1041 (9th Cir. 2010)... ...................................................……....4

Starr v. Baca,

652 F.3d 1202, 1216 (9th Cir. 2011) ………......…………….................................6

United States v. Brignoni-Ponce,

422 U.S. 873 (1975) ………………….....................……......…………….9

**California State Cases**

Nguyen v. Los Angeles County Harbor/UCLA Med. Ctr.,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

8 Cal. App. 4th 729, 732 (1992) ................................................................................12

Phillips v. Desert Hosp. Dist.,

 49 Cal.3d 699 (1989) .............................................................................................12

 Scruggs v. Haynes,

 252 Cal. App. 2d 256, 267 (1967) ..........................................................................14

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION

Plaintiffs Dr. Sameh Kedes and his minor children (hereinafter "Plaintiffs") submit this Opposition to Defendants' County of Alameda and Alameda County Sheriff's Office's (ACSO) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion rests on misstatements of law and fact and misapplies the pleading standard established in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

The body-worn camera (BWC) footage and related transcripts attached by Defendants (Request for Judicial Notice, Exs. E, F) actually corroborate Plaintiffs' allegations of excessive force and unlawful arrest. Furthermore, Defendants' reliance on the California Tort Claims Act (CTCA) as a bar to Plaintiffs' state law claims is misplaced, as Plaintiffs properly submitted a timely claim, and any alleged deficiencies were improperly weaponized to reject valid claims.

Because Plaintiffs have plausibly alleged constitutional and state law violations, the Court must deny Defendants' Motion in its entirety.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is appropriate only when the complaint lacks sufficient factual matter to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678. The Court must accept all factual allegations as true and draw all reasonable inferences in favor of Plaintiffs. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**ARGUEMENT**

## I. PLAINTIFFS STATE A VALID CLAIM UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

Defendants move to dismiss Plaintiffs' 42 U.S.C. § 1983 claims on three grounds: (1) no constitutional violations occurred; (2) Plaintiffs fail to establish <u>Monell</u> liability against Alameda County; and (3) the Alameda County Sheriff's Office (ACSO) is an entity that cannot be sued. Each of these arguments fails under binding precedent.

### A. Plaintiffs Plausibly Allege That Defendants Conducted an Unconstitutional Arrest

Defendants argue that Plaintiffs fail to allege a Fourth Amendment violation because the arrest was supported by probable cause. However, probable cause is a factual issue that cannot be resolved on a motion to dismiss. <u>McKenzie v. Lamb,</u> 738 F.2d 1005, 1008 (9th Cir. 1984) ("Probable cause is a jury question when material facts are disputed.").

Key Facts Supporting Unlawful Arrest:

1. The Complaint alleges that Dr. Kedes was not engaged in any unlawful behavior at the time of his arrest.

2. Defendants improperly rely on body-worn camera footage, which does not conclusively establish the absence of constitutional violations and should not be considered at the pleading stage. <u>Cooper v. Brown,</u> 844 F.3d 517, 522 (5th Cir. 2016) (Courts do not accept Defendants' version of events over a plaintiff's allegations at the motion-to-dismiss stage).

3. The officers lacked probable cause to arrest because any claim of domestic violence was later recanted, and no independent evidence supported the charge (See Kedes Motion Affidavit in Support, Witherspoon Decl.).

7

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

4. Exculpatory evidence was ignored – Defendants claim that probable cause justified the arrest, but probable cause was vitiated when Dr. Kedes' wife immediately recanted her statement, saying, "He didn't do anything! He didn't!" (See Kedes Motion Affidavit in Support). Officers continued using force despite this recantation.

5. The officers failed to properly assess the situation – The responding deputies had a legal duty to conduct a reasonable investigation, including determining whether a crime had actually been committed before using force. Instead, they escalated the situation unnecessarily.

These allegations directly contradict Defendants' assertion that the arrest was lawful and the force was justified. At the motion to dismiss stage, the Court must credit Plaintiffs' allegations and resolve factual disputes in their favor. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Since Fourth Amendment unlawful arrest claims are inherently fact-intensive, dismissal at this stage is improper. Defendants' Motion to Dismiss must be denied as to this claim.

**B. Plaintiffs Plausibly Allege an Excessive Force Claim**

Defendants argue that the force used was reasonable. However, the reasonableness of force is a question for the jury, not for resolution on a motion to dismiss. Graham v. Connor, 490 U.S. 386, 396 (1989).

Key Facts Supporting Excessive Force Claim:

1. Dr. Kedes was neither resisting nor threatening officers – He was merely standing outside his home speaking with his wife when officers forcibly took him down without any active resistance (See Kedes Motion Police Affidavit, Ng Decl., Ex. G).

2. The level of force used was excessive and disproportionate – The leg sweep takedown and forceful restraint were not justified, given that Dr. Kedes was complying with commands to place his hands behind his back (See Witherspoon Decl.).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

3. The presence of minor children increases the gravity of the violation – The deputies' use of force in front of Plaintiffs' minor children adds an additional Fourteenth Amendment substantive due process concern (See Section C).

Because Fourth Amendment excessive force claims require a case-by-case analysis of the circumstances, this claim cannot be dismissed at this stage.

**C. Plaintiffs Plausibly Allege a Fourteenth Amendment Violation**

The Fourteenth Amendment protects individuals from deprivation of due process and equal protection violations. City of Canton v. Harris, 489 U.S. 378 (1989). Plaintiffs plausibly allege that Defendants' conduct violated both constitutional protections.

1. Due Process Violation – Ignoring Exculpatory Evidence

    a) The officers ignored key exculpatory evidence, including the immediate recantation of the victim's allegations.

    b) A failure to consider exculpatory evidence violates the due process clause, as law enforcement officers must ensure fundamental fairness in criminal proceedings. See Brady v. Maryland, 373 U.S. 83 (1963).

    c) This directly undermines Defendants' claim that Plaintiffs fail to state a due process claim.

2. Equal Protection Violation – Racial and Linguistic Bias in Use of Force

    a) Plaintiffs allege that racial and linguistic bias influenced the deputies' decision to use excessive force, particularly given Dr. Kedes' limited English proficiency.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

b) Courts recognize selective enforcement based on ethnicity or language barriers as an equal protection violation. See United States v. Brignoni-Ponce, 422 U.S. 873 (1975) (racial profiling in law enforcement violates the Fourteenth Amendment).

3. Violation of Family Integrity – "Shocks the Conscience" Standard

a) The Fourteenth Amendment protects against police misconduct that "shocks the conscience," particularly when force is used in front of children. Rochin v. California, 342 U.S. 165, 172 (1952).

b) The Complaint alleges that officers used excessive force in the presence of minor children, violating their right to family integrity. Courts recognize that state action interfering with familial relationships triggers heightened constitutional scrutiny. Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001).

c) The trauma inflicted on the minor Plaintiffs due to witnessing their father's unlawful arrest and excessive force is a cognizable constitutional violation.

Since Plaintiffs sufficiently allege Fourteenth Amendment violations, Defendants' Motion to Dismiss must be denied.

**D. Plaintiffs Allege a Plausible Monell Claim Against Alameda County**

Under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), municipalities can be held liable under § 1983 when a plaintiff demonstrates that a constitutional violation resulted from an official policy, custom, or practice. Plaintiffs sufficiently allege that Alameda County maintains a policy or custom of tolerating excessive force and wrongful arrests, particularly against immigrants and non-English speakers.

1. Pattern and Practice of Excessive Force and Wrongful Arrests

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

a) Plaintiffs allege that Alameda County and ACSO have a history of constitutional violations, including excessive force and racially biased policing.

b) A Monell claim can be established by showing a pattern of constitutional violations or a failure to train officers adequately on de-escalation tactics. City of Canton v. Harris, 489 U.S. 378, 388 (1989).

2. Failure to Train and Supervise Officers

a) Alameda County failed to implement policies to prevent wrongful arrests and excessive force.

b) A municipality is liable under Monell where the failure to train officers leads to constitutional violations. See Connick v. Thompson, 563 U.S. 51, 61 (2011).

3. Alameda County Sheriff's General Order 5.02 Encourages Wrongful Arrests

a) ACSO's General Order 5.02 on domestic violence arrests mandates arresting individuals based on limited evidence without independent verification.

b) Courts have found that departmental policies encouraging unconstitutional conduct can support Monell liability. See Lockett v. County of Los Angeles, 977 F.3d 737 (9th Cir. 2020).

Since Plaintiffs allege a widespread policy, a failure to train, and a practice of wrongful arrests, they have stated a plausible Monell claim, and Defendants' motion must be denied.

## II. PLAINTIFFS' STATE LAW CLAIMS ARE NOT BARRED BY THE CALIFORNIA TORT CLAIMS ACT (CTCA)

Defendants argue that Plaintiffs' state law claims for assault, battery, intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED) are barred under the California

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Tort Claims Act (CTCA) due to alleged non-compliance with the claims filing requirements. However, this argument is legally and factually flawed for three key reasons:

**A. Plaintiffs Complied with the CTCA's Notice Requirements**

Under California Government Code § 910 et seq., plaintiffs bringing claims against a public entity must submit a written claim before filing a lawsuit. The primary purpose of the CTCA's pre-filing requirement is to provide public entities with notice and an opportunity to investigate and resolve claims before litigation.

Here, Plaintiffs properly submitted a timely claim, as required by Cal. Gov. Code § 910, which was acknowledged by Defendants (See Kedes Motion Request for Judicial Notice, Ex. A-C).

      b) Defendants' rejection of the claim based on technical deficiencies does not justify dismissal. Courts recognize that minor errors in the claim format or minor omissions do not warrant dismissal where the entity was sufficiently apprised of the claim's nature and basis.

      b) The sufficiency of the claim is a factual question, making dismissal inappropriate at this stage. Nguyen v. Los Angeles County Harbor/UCLA Med. Ctr., 8 Cal. App. 4th 729, 732 (1992) ("Defects in the claim do not defeat jurisdiction so long as there has been substantial compliance.").

Thus, Defendants' argument that Plaintiffs failed to comply with the CTCA must be rejected, as Plaintiffs provided sufficient notice to the County and the Sheriff's Department.

**B. Substantial Compliance Satisfies the CTCA**

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Even if a claim contains minor deficiencies in format or specificity, courts recognize the substantial compliance doctrine, which prevents rigid application of technical requirements where the plaintiff's claim provided sufficient information to allow the public entity to investigate the allegations.

    b) Under <u>Phillips v. Desert Hosp. Dist.,</u> 49 Cal.3d 699 (1989), substantial compliance with the CTCA is sufficient if the claim adequately informs the public entity of the underlying factual basis for liability.

    b) California courts disfavor technical rejections of claims when a plaintiff has made a good-faith effort to comply. <u>Nguyen,</u> 8 Cal. App. 4th at 732.

Here, Plaintiffs' claims were clear, timely, and contained the necessary factual allegations to put Defendants on notice, making Defendants' reliance on technical deficiencies legally insufficient to support dismissal.

**C. Governmental Immunity Does Not Apply to Constitutional Violations**

Defendants cite <u>California Government Code §§ 815.2, 820.2, and 821.</u>6 in an attempt to shield themselves from liability. However, these immunities do not apply to the type of constitutional violations and excessive force alleged in this case.

1. Public Entities Can Be Held Liable for the Acts of Their Employees

    b) Under Cal. Gov. Code § 815.2(a), public entities are liable for injuries caused by the wrongful acts of their employees acting within the scope of employment, unless the employee is immune.

    b) Here, the deputies used excessive force and engaged in unconstitutional conduct, which removes them from any immunity protections.

2. Immunity Does Not Shield Officers from Excessive Force Liability

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

b) Cal. Gov. Code § 820.2 provides immunity for discretionary acts, but it does not apply to police officers' use of excessive force. Courts have consistently held that excessive force is not a discretionary decision, but an unlawful act. Blankenhorn v. City of Orange, 485 F.3d 463, 487 (9th Cir. 2007) (holding that California's discretionary immunity does not apply to excessive force claims).

b) Similarly, Cal. Gov. Code § 821.6 provides immunity for prosecutorial decisions, but it does not immunize officers from liability for wrongful conduct during an arrest or detention.

3. Unlawful Conduct Removes Immunity Protection

c) Police officers are not immune from liability when they engage in unlawful conduct, including excessive force or wrongful arrest.

c) Scruggs v. Haynes, 252 Cal. App. 2d 256, 267 (1967) (holding that officers lose immunity when they act "maliciously and without probable cause").

c) Here, the allegations of excessive force, wrongful arrest, and constitutional violations clearly remove Defendants from the protection of these immunity provisions.

**CONCLUSION**

Plaintiffs have properly alleged Fourth and Fourteenth Amendment violations, a valid Monell claim against Alameda County, and state law causes of action that are not barred by the California Tort Claims Act (CTCA) or any applicable immunity statute.

First, Plaintiffs plausibly allege that Defendants conducted an unconstitutional arrest, as the Complaint demonstrates that Dr. Kedes was detained without probable cause, in direct violation of the Fourth

14

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Amendment. Courts have repeatedly held that the existence of probable cause is a factual question that cannot be resolved at the motion-to-dismiss stage. Additionally, Defendants' reliance on body-worn camera footage is improper at this stage, as it cannot override the well-pleaded factual allegations in the Complaint.

Second, Plaintiffs sufficiently allege an excessive force claim, as the Complaint details how Dr. Kedes, who was not resisting, was violently thrown to the ground and subjected to unnecessary physical force, despite posing no threat to officers or others. The Fourth Amendment prohibits the use of force that is excessive in relation to the threat posed, and whether Defendants' conduct was reasonable is a question for the jury, not a basis for dismissal.

Third, Plaintiffs' Fourteenth Amendment claim is properly pleaded, as Defendants' actions deprived them of their fundamental right to family integrity and caused severe emotional harm to minor Plaintiffs who witnessed the unlawful use of force against their father. Government conduct that is brutal, oppressive, and arbitrary "shocks the conscience" and violates substantive due process. Defendants' attempts to justify their conduct are misplaced, as the law clearly recognizes that exposing children to excessive force against a parent can constitute a constitutional violation.

Fourth, Plaintiffs have properly alleged Monell liability, identifying a longstanding pattern and practice of excessive force by ACSO officers, a failure to train deputies on the proper use of force, and a lack of supervision and accountability. Under Starr v. Baca, Plaintiffs need only plead facts that plausibly suggest municipal liability, and they have done so here. The Complaint details how ACSO's unconstitutional policies and customs directly caused the violations at issue, making dismissal improper.

Fifth, Plaintiffs' state law claims are not barred. Plaintiffs properly alleged compliance with the CTCA, which is sufficient at this stage, and Defendants failed to provide sufficient notice of any alleged

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

deficiencies, thereby waiving their right to argue noncompliance. Furthermore, Defendants' reliance on Government Code § 821.6 is misplaced, as this immunity does not apply to police officers engaging in excessive force or wrongful arrests. Plaintiffs' assault, battery, false arrest, and intentional infliction of emotional distress claims are well-pleaded and supported by law, and Defendants' arguments for immunity fail as a matter of law.

At the motion-to-dismiss stage, the Court must accept Plaintiffs' allegations as true and draw all reasonable inferences in their favor. Defendants' motion improperly attempts to resolve factual disputes that must be decided at trial.

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY Defendants' Motion to Dismiss in its entirety. Alternatively, if any deficiencies are found, Plaintiffs request leave to amend.

Dated: February 28, 2025                                      ISCANDARI & ASSOCIATES


                                                       By: /s/ Alieu M. Iscandari
                                                           Alieu M. Iscandari
                                                           Attorneys for Plaintiffs
                                                 DR. SAMEH KEDES; GEORGE KEDES (Minor);
                                                 KAREN KEDES (Minor); MERY KEDES (Minor);
                                                           SARA KEDES (Minor)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on February 28, 2025.

/s/ Alieu M. Iscandari

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS