Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780    Fax: 510.839.9104

Attorneys for Defendants
COUNTY OF ALAMEDA and ALAMEDA
COUNTY SHERIFF'S OFFICE (erroneously
sued herein as "ALAMEDA COUNTY
SHERIFF'S DEPARTMENT")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| DR. SAMEH KEDES; GEORGE KEDES (Minor); KAREN KEDES (Minor); MERY KEDES (Minor); SARA KEDES (Minor), <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT AND OFFICERS: Doe No. 1; Doe No. 2; Doe No. 3; Doe No. 4; Doe No. 5; Doe No. 6; AND DOES 7-50, (Inclusive), <br><br> Defendants. | Case No. 3:25-cv-00733-MMC <br><br> Judge: Senior District Judge Maxine M. Chesney <br><br> **REPLY IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Judge: Hon. Maxine M. Chesney <br> Date: April 18, 2025 <br> Time: 9:00 a.m. <br> Crtrm.: Courtroom 7 – 19th Floor <br><br> Trial Date: TBD |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

1

Case No. 3:25-cv-00733-MMC
REPLY ISO DEFENDANTS' MOTION TO
DISMISS PLTFS' COMPLAINT

Defendants County of Alameda and Alameda County Sheriff's Office (erroneously sued herein as "ALAMEDA COUNTY SHERIFF'S DEPARTMENT") (hereinafter collectively "Alameda County Defendants"), respectfully submit the following reply brief in support of their Motion to Dismiss Plaintiffs' Complaint.

## I. INTRODUCTION

Instead of dismissing their lawsuit after review of the body camera footage and the insurmountable legal and procedural barriers to their claims as articulated in the Alameda County Defendants' Motion to Dismiss, as they should have, Plaintiffs have instead elected to file a cursory and ill-considered opposition. Plaintiffs' opposition fails to address many of the Alameda County Defendants' legal arguments, and the Court may consider Plaintiffs' failure to respond as an admission of the merit of these arguments. See Yurcaba v. U.S. Bank Nat'l Ass'n, No. C21-5753 TSZ, 2022 WL 816090, at *2 (W.D. Wash. Mar. 17, 2022) Specific arguments made by Plaintiffs are refuted below.

The Court can and should grant the Alameda County Defendants' Motion to Dismiss in full and without leave to amend based on the pleadings and judicially noticeable facts.

### A. There was Probable Cause to Arrest Dr. Kedes

Plaintiffs argue that the arresting deputies (who are not named as defendants even though known to Plaintiffs per Dr. Kedes's tort claim) lacked probable cause to arrest Dr. Kedes because his wife – who was standing outside her home with a toddler in her arms when officers responded after a 911 call from her 16-year-old daughter who was concerned that her father, Dr. Kedes, was going to harm her mother – recanted her initial statement that Dr. Kedes hit her. When responding deputies first arrived, Dr. Kedes's wife told them "[n]o, I am not okay… my husband hit me." Request for Judicial Notice ("RJN"), Exhibit E, F, and G. While Dr. Kedes was resisting arrest he spoke to his wife in Arabic. She then approached the arresting deputies and recanted her initial statement by saying "He didn't do anything." Id.

Unfortunately, victims of domestic violence frequently recant testimony after initially cooperating with police because the ties between a victim and victimizer are strong emotional bonds and victims frequently feel a sense of loyalty to the victimizer. Commonwealth v. Onopey,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

2

Case No. 3:25-cv-00733-MMC
REPLY ISO DEFENDANTS' MOTION TO
DISMISS PLTFS' COMPLAINT

No. 2022-SCC-0022-CRM, 2024 WL 4471634, at *6 (N. Mar. I. Oct. 11, 2024).  Plaintiffs, however, fail to cite any legal authority for the proposition that probable cause is vitiated when a suspected victim of domestic violence recants testimony at the behest of the alleged abuser while the abuser is being arrested by peace officers..  Of course, there is no such legal authority, and in fact, criminal domestic violence cases frequently proceed to trial in the face of recanted testimony, often with expert testimony about Battered Women's Syndrome.  See Dillard v. Roe, 244 F.3d 758, 762 (9th Cir. 2001), amended on denial of reh'g (May 17, 2001).  Moreover, California law *requires* law enforcement agencies to have policies *encouraging* officers to arrest domestic violence offenders if there is probable cause.  Cal. Penal Code § 13701(b).  ACSO General Order 5.02 regarding domestic violence is compliant with Cal. Penal Code section 13701(b).  RJN, Exhibit D.  Officers are encouraged to make domestic violence arrests precisely because victims are frequently forced by the abuser to recant allegations, or even worse, subjected to further abuse after police respond.  As such, California police officers are tasked by statute to "make reasonable efforts to identify the dominant aggressor in any incident." Cal. Penal Code section 13701(b).  That is precisely what the arresting officers did here.

Citing McKenzie v. Lamb, 738 F.2d 1005, 1008 (9th Cir. 1984), Plaintiffs argue that probable cause is a factual issue that cannot be resolved on a motion to dismiss.  McKenzie does not stand for this proposition.  In McKenzie, the Ninth Circuit held in pertinent part that there were material factual issues about whether the ordinances at issue applied to the hotel in question because it was not clear whether the hotel was in an unincorporated or incorporated area of Clark County, Nevada.  In contrast here, there are no disputed material facts that the arresting officers had authority to arrest Dr. Kedes pursuant to Cal. Penal Code section 13701(b).  In the absence of disputed material facts, the Court can make a probable cause determination at the motion to dismiss stage.  See e.g. Askins v. U.S. Dep't of Homeland Sec., No. 12-CV-2600 W (BLM), 2015 WL 12434362, at *4 (S.D. Cal. Jan. 29, 2015).

There are no disputed material facts here because it is undisputed that (1) Dr. Kedes admits that unnamed ACSO deputies went to his home "to investigate an alleged call from his residence regarding allegations of an argument between Plaintiff and his wife." Dkt. No.1, ¶ 10; and (2) The

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

3

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

body-worn camera footage and accompanying audio[1] clearly and reliably establish that two responding ACSO deputies – Matthew Harman and Zachary Krienke – had probable cause to arrest Dr. Kedes.  The Court can take judicial notice – which Plaintiffs do not actually oppose – of the body camera video and audio leading to the arrest.  McCormick v. Cnty. of San Diego, No. 20CV1753 JM (AGS), 2021 WL 913906, at *2 (S.D. Cal. Mar. 10, 2021)

The body camera footage and audio indisputably establish that the officers arrived at the Kedeses' residence at approximately 4:31 a.m.  After the officers exited their patrol vehicle, Dr. Kedes's wife can be seen standing on the sidewalk with a toddler in her arms.  Deputy Harman asked her "you ok?"  She responded, "No, I am not ok."  Deputy Harman then asked Dr. Kedes's wife "what's going on?"  In response Dr. Kedes's wife can be heard clearly saying "my husband hit me."  Deputy Harman asked her "okay, is he still here?"  She responded "yes."  Deputy Krienke asked "is that him right there [inside the house]?"  She responded "yes."

These facts clearly establish probable cause to arrest Dr. Kedes as a matter of law. Moreover, even if there were a material factual dispute – which there is not – the responding officers – who are not named – would be entitled to qualified immunity.  "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." Hunter v. Bryant, 502 U.S. 224, 227 (1991).  Plaintiffs have not identified any case law – as is their burden – to show that the responding officers violated clearly established law. Olivier v. Baca, 913 F.3d 852, 860 (9th Cir. 2019).

**B.     Plaintiffs' Excessive Force Claim Fails as a Matter of Law at the Pleadings Stage**

Plaintiffs next argue that they have plausibly alleged an excessive force claim.  They have not.  First, there is no respondeat superior liability in 42 U.S.C. section 1983 claims.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Vicarious liability does not apply to 42 U.S.C. Section 1983 suits because "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft

---

[1] RJN, Exhibits E and F.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

4

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

v. Iqbal, 556 U.S. 662, 676, (2009); See also Lockett v. County of Los Angeles, 977 F.3d 737, 741 (9th Cir. 2020).  Plaintiffs have not named any individual defendants, so all of their alleged 42 U.S.C. section 1983 claims against the Alameda County Defendants fail as a matter of law.

Turning to the legal merits of the excessive force claim against the unnamed responding officers, however, the undisputed judicially noticeable facts establish that there was no constitutional violation committed by the responding officers.  The body camera footage establishes that the responding officers had probable cause to arrest.  Dr. Kedes, however, refused to follow instructions, kept a cell phone in his hand despite commands to drop it, resisted being handcuffed, and ignored instructions to put his hands behind his back while repeatedly telling deputies "one second" and "no problem."  As a result, the responding officers had a right to use constitutionally permissible force to effectuate Dr. Kedes's arrest.  Because Dr. Kedes resisted, Deputy Harman justifiably conducted a leg sweep to take Dr. Kedes to the ground to apply cuffs.  The entire time Dr. Kedes squealed, yelled, and pleaded with his wife in Arabic (presumably to tell her to deny any violence to the arresting officers as she subsequently recanted her statement captured on body camera that her husband hit her).  After Dr. Kedes was secured in handcuffs, ACSO deputies summoned medical attention for him. RJN, Exhibit E, F.

It is the Alameda County Defendants' position that there is no excessive force as a matter of law.  Alternatively, the responding unnamed officers are entitled to qualified immunity as a matter of law.  Courts are encouraged to resolve questions of qualified immunity "at the earliest possible stage in litigation."  Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam).  To be entitled to qualified immunity at the motion to dismiss stage, a defendant must show that the allegations in the complaint do not make out a violation of a constitutional right or that any such right was not clearly established at the time of the alleged misconduct.  See Pearson v. Callahan, 555 U.S. 223, 232-36.  Existing precedent makes it clear that when, as here, in connection with a felony arrest officers progressively increase use of force from verbal commands to an arm grab and then to a leg sweep when an arrestee refuses to comply, there is no violation of clearly established law and such officers are entitled to qualified immunity.  See Shafer v. Cnty. of Santa Barbara, 868 F.3d 1110, 1117 (9th Cir. 2017).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

5

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

### 1.    Plaintiffs Completely Fail to Address Qualified Immunity

Qualified immunity protects government officials from liability under 42 U.S.C. § 1983 "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" See Waid v. County of Lyon, 87 F.4th 383, 387 (9th Cir. 2023), citing District of Columbia v. Wesby, 583 U.S. 48, 62-63 (2018); See also Saucier v. Katz, 533 U.S. 194, 202 2001), overruled on other grounds in part by Pearson v. Callahan, 555 U.S. 223 (2009).  "A [g]overment official's conduct violated clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987).  A case does not need to be "directly on point, but existing precedent must have placed the . . . constitutional question beyond debate." Id.  The burden is on the party *contesting* qualified immunity to show that the law was clearly established at the time of the alleged violation.  Olivier, supra, 913 F.3d at, 860.  Here, Plaintiffs completely fail to address qualified immunity and completely fail to meet their burden to identify clearly established law violated by the unnamed responding officers as a matter law.

### C.    Plaintiffs have not Plausibly Pled a Fourteenth Amendment Violation

Plaintiffs next argue that they have plausibly pled a Fourteenth Amendment violation. Presumably this argument is in support of Plaintiffs' first cause of action for "violation of Fourth and Fourteenth Amendment rights." Dkt. No. 1, p. 5.  It is unclear what Fourteenth Amendment rights Plaintiffs contend were violated, because the Complaint is devoid of specific factual allegations and instead replete with prohibited formulaic conclusions and deductions.  Plaintiffs now contend that that there was a Due Process Violation for "ignoring exculpatory evidence" and cite Brady v. Maryland, 373 U.S. 83 (1963).  The Brady decision applies to criminal procedural rights and has no bearing on the facts of this case.

Plaintiffs next argue that there was "racial and linguistic bias in use of force," citing United States v. Brignoni-Ponce, 422 U.S. 873 (1975).  The Brignoni-Ponce decision holds that the Fourth Amendment requires more to than just the apparent ethnicity of a driver to give the Border

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

6

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

Patrol reasonable suspicion to stop a car in the border area. Id. at 886. The Brignoni-Ponce decision has absolutely nothing to do with uses of force and nothing to do with the facts of the case at bar.

Third, Plaintiffs argue that because force was used in front of Dr. Kedes's children (body camera footage suggests that all but one child were inside the house) the children have standing to assert a Fourteenth Amendment claim. They do not. First, Plaintiffs cite Rochin v. California, 342 U.S. 165 (1952) in support of their position that the children have a Fourteenth Amendment claim. In Rochin, the Supreme Court overturned a conviction finding that police conduct in obtaining evidence "shock[ed] the conscience" because police illegally broke in the criminal defendant's house and forcibly extracted the contents of his stomach. Id. at 172. Rochin has no bearing on this case.

Finally, Plaintiffs cite Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) for the proposition that "courts recognize that state action interfering with familial relationships triggers heightened scrutiny." Lee focuses on the Due Process rights in the face of allegations that the conservatee (Kerry Sanders) who was the son of the named plaintiff (Mary Lee) was wrongfully incarcerated for two years due to the failure of authorities to properly identify him. The allegation in Lee, which was appealed to the Ninth Circuit following rulings on motions to dismiss, was that had police simply fingerprinted Mr. Kerry they would have realized they arrested the wrong person. Lee has nothing to do with the facts of this case, and it is most certainly not the case that Lee requires heightened scrutiny of Due Process claims asserted under 42 U.S.C. section 1983. At any rate, the arresting officers did not commit any constitutional violation, so Plaintiffs' Fourteenth Amendment claim fails as a matter of law. Moreover, Plaintiffs have not named as defendants any of the arresting officers, and there is no vicarious liability in section 1983 claims.

### D.    Plaintiffs' *Monell* Claim Fails

Doubling down on vapid and impermissible labels and conclusions of law, in opposition, Plaintiffs simply regurgitate the challenged labels and conclusions from their complaint in support of a Monell claim against the County of Alameda, apparently abandoning the claim against Alameda County Sheriff's Office. Plaintiffs completely fail to address any of the arguments

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

7

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

against their *Monell* claim in the Alameda County Defendants' moving papers, which need not be repeated here in full.  Dkt No. 10, p. 17:22- 19:15.  In short, there was no underlying constitutional violation and Plaintiffs' complaint fails to satisfy pleading principles set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).

### E.    Plaintiffs' State Law Claims are Barred for Failure to Comply with the Tort Claims Act

Plaintiffs failed to meaningfully respond to the Alameda County Defendants' arguments regarding their failure to comply with the California Tort Claims Act, which need not be repeated in full here.  Dkt. No. 10, p. 21:3- 24:1.  Plaintiffs assert that they "properly submitted a timely claim," and cite to Exhibits A-C of the Alameda County Defendants' RJN.  Plaintiffs did not timely submit a tort claim, however.  While Dr. Kedes submitted a claim, his was deficient, notice was given, and he failed to amend.  The minor plaintiffs did not submit a tort claim, and derivative claims are not allowed.

### F.    The Alameda County Defendants are Immune from Plaintiffs' State Law Claims

Plaintiffs' final argument is that state law immunities do not provide immunity to constitutional violations.  While this is a true proposition, it misses the mark as the responding officers did not commit any constitutional violation as a matter of law.  As such, the cited state law immunities immunize the responding officers and the Alameda County Defendants from Plaintiffs' asserted state law claims. Dkt. No. 10, p. 24:2- 25:7.

### G.    Plaintiffs Simply Failed to Respond to the Alameda County Defendants' Arguments regarding "Violation of U.S.C. § 1981" or that ACSO is not a Suable Entity

Plaintiffs completely failed to respond to the Alameda County Defendants' Motion to Dismiss their third cause of action for "violation of U.S.C. § 1981."  By doing so Plaintiffs admit that their exclusive remedy for any allege constitutional violations is 42 U.S.C § 1983, and that their third cause of action therefore has no merit.

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4902-3127-4007 v1

8

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT

Finally, Plaintiffs completely failed to address the Alameda County Defendants' argument that ACSO is not a proper party.  Dkt No. 10, p.20:15-21:2.

## II.    CONCLUSION

Plaintiffs' Complaint is defective as a matter of law and at a minimum, falls well short of the heightened pleading standards mandated by Iqbal/Twombley.  The Court can and should dismiss the action now based on the pleadings and judicially noticeable facts -  here, the responding officers were caught between Scylla and Charybdis - if the officers had elected not to arrest Dr. Kedes on suspicion of domestic violence (despite the clear applicability of Cal. Penal Code § 13701(b) and ACSO General Order 5.02) and simply left the scene, the officers , they would be faced with the not unlikely prospect of a subsequent claim by Dr. Kedes's wife that the officers failed to follow applicable policies in the context of a domestic violence complaint.

The Court should take judicial notice of the relevant body camera footage and tort claims correspondence and find as a matter of law: (i)there was no constitutional violation, or alternatively that the responding officers are entitled to qualified immunity, (ii) that ACSO Deputies Harman and Krienke had probable cause to arrest Dr. Kedes, (iii) that ACSO Deputies Harman and Krienke did not use excessive force, (iv) that Plaintiffs' state law claims are barred for failure to comply with the Tort Claims Act, and (v) that ACSO Deputies Harman and Krienke, the County and ACSO are otherwise entitled to statutory immunity against Plaintiffs state law claims.

The Alameda County Defendants respectfully urge the Court to dismiss Plaintiffs' Complaint with prejudice at this early stage because Plaintiffs simply cannot state a claim for relief that is plausible when the allegations within the Complaint are considered along with judicially noticeable facts.

Dated:  DRAFT                                      BURKE, WILLIAMS & SORENSEN, LLP


By:          */s/ Gregory B. Thomas*
                Gregory B. Thomas
                Attorneys for Defendants
                COUNTY OF ALAMEDA and ALAMEDA
                COUNTY SHERIFF'S OFFICE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4902-3127-4007 v1

9

Case No. 3:25-cv-00733-AGT
DEFTS' NOTICE OF MOTION AND MOTION
TO DISMISS PLTFS' COMPLAINT