United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SAMEH KEDES,
Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,
Defendants.

Case No. 25-cv-00733-MMC (RMI)

**ORDER ON DISCOVERY MOTIONS**

Re: Dkt. Nos. 66, 73

On August 19, 2026, Plaintiff Sameh Kedes filed a "Unilateral Motion to Compel Discovery, for Sanctions, and to Extend Discovery Cutoff Deadline." (Dkt. 66) On August 20, 2026, the presiding judge withdrew the previous referral and referred the matter to the undersigned. (*See* Order, dkt. 68; Ref. Notice, dkt. 71) Within her Order, the presiding judge instructed that "[a]fter the parties have met and conferred, see Civil L.R. 37-1, the parties shall prepare a joint letter of not more than 5 pages explaining the dispute. Up to 12 pages of attachments may be added. The joint letter must be electronically filed under the Civil Events category of 'Motions and Related Filings > Motions - General > Discovery Letter Brief.'" (Order, dkt. 68.)

On September 2, 2026, Plaintiff filed an ex parte Discovery Letter Brief. (Dkt. 73) Within the Letter Brief, Plaintiff asserts, among other things, that he "made good-faith efforts to draft a joint discovery letter. However, Defendants stonewalled by refusing to share their portion in advance or produce further responsive documents, attempting to unilaterally control the submission." (Letter Br. 1) Plaintiff also attaches an email chain between the parties which discusses the preparation of a joint letter brief and which does not appear to indicate any

United States District Court
Northern District of California

unwillingness to draft a joint letter.

The preparation of a joint letter brief for any outstanding discovery disputes was a directive of the presiding judge. It is also a requirement of the undersigned's standing orders. No one has been relieved of either requirement such that they can file an ex parte discovery motion. If a party is failing to follow the presiding judge's instruction, the undersigned's standing orders, or the Federal Rules, there are proper channels for recourse. Ignoring the orders of the presiding judge is not one of them.

Accordingly, it is ORDERED that the pending discovery motions (Dkts. 66 & 73) are hereby DENIED without prejudice as to the merits of the motions.

**IT IS SO ORDERED.**

Dated: September 3, 2026

ROBERT M. ILLMAN
United States Magistrate Judge